UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MELCHIOR,

    Plaintiff,

vs.                                                             Case No. 13-50177

HILITE INTERNATIONAL, INC.,                 HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO COMPEL (Doc. 6)**

### I. INTRODUCTION

This is a patent case pending in the Northern District of Texas. See Jean Melchior v. Hilite International, Inc., No. 3:11-cv-03094-M (N.D. Tex.). Plaintiff Jean Melchior ("Melchior") is suing Hilite International, Inc. ("Hilite") claiming infringement of three U.S. patents owned by Melchior covering variable camshaft timing devices. Hilite subpoenaed non-party BorgWarner Inc. ("BorgWarner") to produce documents relating to the patents and to testify at a deposition. BorgWarner is Hilite's competitor and has a license to Melchior's patents. BorgWarner filed a motion to quash or modify Hilite's subpoenas (Doc. 1), which the Court denied in part and granted in part (Doc. 4). Now before the Court is Hilite's motion to compel (Doc. 6). For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

### II. BACKGROUND

The majority of the material facts are stated in the February 21, 2013 Memorandum

and Order Granting in Part and Denying in Part Non-Party BorgWarner Inc.'s Motion to Quash Subpoenas (Doc. 4) and will not be repeated here.

On January 10, 2013, Hilite served non-party BorgWarner, a Michigan company, with subpoenas requiring (1) disclosure of certain attorney-prepared reports related to the patents, and (2) financial records relating to BorgWarner's products. Prior to Melchior filing suit against Hilite, BorgWarner participated in an investigation to determine whether Hilite, among other things, infringed on Melchior's patents.

The Court determined that (1) BorgWarner waived the attorney-client privilege for reports in which BorgWarner generated related to the '254 and '506 patents; (2) BorgWarner did not have to produce reports analyzing whether Hilite infringed on its own patents; and (3) BorgWarner did not have to turn over sales and profit volume data.

The parties have again reached an impasse. Hilite moves the Court to compel BorgWarner to produce ten emails. The emails fall in two categories: (1) emails between a former high-level employee, Roger Butterfield, and BorgWarner's in-house attorney which BorgWarner claims are attorney-client privileged ("emails 1–4"); and (2) emails that have been produced in part, but which BorgWarner has redacted portions based on relevancy grounds ("emails 5-10").

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 37(a)(1), a party may move for an order compelling discovery. Fed R. Civ. P. 37(a)(1) states,

> *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an

2

effort to obtain it without court action.

Hilite attempted to confer with BorgWarner to reach an amicable course of action. The parties, however, could not resolve their dispute.

## IV. DISCUSSION

### A. Emails 1–4

Emails 1–4 are emails between former BorgWarner employee Butterfield and BorgWarner's in-house attorney. These emails are protected by the attorney-client privilege.

The Supreme Court has long recognized that "[t]he attorney-client privilege is the oldest of privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). Federal Rule of Evidence 501 provides that "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Because Hilite seeks to compel emails from BorgWarner, a Michigan company, Michigan law applies. In Michigan, "[t]he scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice." Leibel v. Gen. Motors Corp., 250 Mich. App. 229, 236 (2002) (citing Reed Dairy Farm v. Consumers Power Co., 227 Mich. App. 614, 618-19 (1998)). "The purpose of the attorney-client privilege is to permit a client to confide in the client's counselor, knowing that the communications are safe from disclosure." Co-Jo, Inc. v. Strand, 226 Mich. App. 108 (1997), superceded by statute on other grounds, (citations omitted). Where an attorney acts as a business advisor, his communications with a client are not privileged. See Ypsilanti Cmty. Utils. Auth. v. Meadwestvaco Air Sys. LLC, No. 07-

CV-1528, 2010 WL 200836, at *1 (E.D. Mich. Jan. 15, 2010) (citing Fox v. Massey-Ferguson, Inc., 172 F.R.D. 653, 669 (E.D. Mich. 1995)).

While employed at BorgWarner, Butterfield was intimately involved with the technical investigation of the Hilite products and communicated/worked closely with BorgWarner's in-house attorney, Michael Tucker. Working with Tucker, Butterfield helped to develop a legal strategy to protect BorgWarner's interests. In the circumstances of this case, Butterfield's communications with Tucker, after Butterfield retired, are protected by the attorney-client privilege.

That Butterfield is a former rather than a current employee makes no difference. See Sandra T.E. v. South Berwyn Sch. Dist., 600 F.3d 612, 622 n. 4 (7th Cir. 2010) ("An argument could be made that the attorney-client privilege does not protect statements made in conversations with former employees, although every circuit to address this question has concluded that the distinction between present and former employees is irrelevant for purposes of the attorney-client privilege.") (citations omitted).

### B. Emails 5–10

BorgWarner has provided portions of emails 5–10 to Hilite but has redacted portions of the emails on relevancy grounds. BorgWarner says it does not have to provide the emails in full because the redacted portions are not responsive to Hilite's discovery request. The Court disagrees.

Under Fed. R. Civ. P. 26(b)(1), Hilite may "obtain discovery regarding any nonprivileged matter that is relevant to" its claims. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Indeed, "[a] court is not

4

permitted to preclude the discovery of arguably relevant information solely because, if the information were introduced at trial, it would be 'speculative' at best." Coleman v. Am. Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

BorgWarner cannot unilaterally redact portions of documents based on relevancy grounds. As another court has stated in an analogous situation, "[r]edaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request." Bartholomew v. Avalon Capital Grp., Inc., 278 F.R.D. 441, 451 (D. Minn. 2011). As the Bartholomew court explained, "It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information." Id. Having produced portions of emails 5–10 in response to Hilite's discovery request, BorgWarner must produce the emails without redactions. This does not necessarily mean that the emails are admissible evidence.

## V. CONCLUSION

For the reasons stated above, Hilite's motion to compel has been granted in part and denied in part. Emails 1–4 are protected by the attorney-client privilege. Emails 5–10 must be disclosed in full. BorgWarner cannot unilaterally determine whether certain redactions are proper based on relevancy grounds.

SO ORDERED.

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2013

13-50177 Jean Melchior v. Hilite International, Inc

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 21, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160